Steven J. Rizzi, Esq.
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Tel: 212.338.3543
Email: srizzi@foley.com
Attorney for Petitioner, LSI Corp.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| In Re DMCA Subpoena to Scribd, Inc. | Case No. _____ |
|---|---|
|  | **LSI Corp.'s Request to the Clerk for Issuance of Subpoena to Scribd, Inc. Pursuant to 17 U.S.C. § 512(h) to Identify Alleged Infringers** |

Petitioner, LSI Corp. (hereinafter "LSI") through its undersigned counsel of record, hereby requests that the Clerk of this Court issue a subpoena to Scribd, Inc. to identify alleged infringers at issue, pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (hereinafter the "DMCA Subpoena"). The proposed DMCA Subpoena is attached hereto as **Exhibit A**.

The DMCA Subpoena is directed to Scribd, Inc., to which the infringing party or parties posted content at the URLs:

1
LSI's Request To The Clerk For Issuance of DMCA Subpoena

https://www.scribd.com/document/367470390/read-channel-overview-part-1

https://www.scribd.com/document/367470450/read-channel-overview-part-2

This content infringes copyrights held by LSI. (See Declaration of Steven J. Rizzi (hereinafter "Rizzi Decl. **Exhibit B**").

LSI has satisfied the requirements for issuance of a subpoena pursuant to 17 U.S.C. § 512(h), namely:

(1)   LSI has submitted copies of the notification pursuant to 17 U.S.C. § 512(c)(3)(A) as **Exhibit 1** to the Declaration of Steven J. Rizzi.

(2)   LSI has submitted the proposed DMCA Subpoena attached hereto as **Exhibit A**; and

(3)   LSI, through its counsel of record, has submitted a sworn declaration confirming that the purpose for which the DMCA Subpoena is sought is to obtain the identity of an alleged infringer or infringers, and that such information will only be used for the purpose of protecting LSI's rights under Title 17 U.S.C. § 512(h)(2). *See* Rizzi Decl., ¶ 4.

Having complied with the statutory requirements, LSI respectfully requests that the Clerk expeditiously issue and sign the proposed DMCA Subpoena pursuant to 17 U.S.C. § 512(h)(4).

Dated: January 15, 2019

/s/ Steven J. Rizzi
Steven J. Rizzi
SDNY Bar No. SR9141
Foley & Lardner LLP
New York, NY 10016
Telephone: 212.338-3543
Attorney for Petitioner

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re: DMCA Section 512(h) Subpoena to Scribd, Inc.

CIVIL ACTION NO. _____

## SUBPOENA TO PRODUCE DOCUMENTS OR INFORMATION PURSUANT TO 17 U.S.C. § 512(h)

To: Custodian of Records for: Scribd, Inc., 333 Bush Street, 24th Floor San Francisco CA 94104

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, and electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the account(s) and user(s) associated with the works uploaded at the URLs listed below, and the circumstances surrounding such uploading, including the name(s), address(es), telephone number(s), electronic mail and IP address(es) associated therewith, and any logs (including time stamps) relating to such uploading:

https://www.scribd.com/document/367470390/read-channel-overview-part-1

https://www.scribd.com/document/367470450/read-channel-overview-part-2

| Place: Foley & Lardner LLP<br>555 California Street Suite 1700<br>San Francisco, CA 94104-1520<br>P415.434.4484 | Date and Time: January 30, 2019 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

CLERK OF THE COURT

Date: _____

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail address, and telephone number of the attorney representing, LSI CORP., who issues or requests this subpoena is Steven J. Rizzi, Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016, srizzi@foley.com, 212.338-3543.

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. _____

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (name of individual and title, if any) _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ ____ for travel and $ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: ____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

# EXHIBIT "B"

4831-0123-0213.1

Steven J. Rizzi, Esq.
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Tel: 212.338.3543
Email: srizzi@foley.com
Attorney for Petitioner, LSI Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re DMCA Subpoena to Scribd, Inc. | Case No. _____ <br><br> Declaration of Steven J. Rizzi in Support of LSI's Request to the Clerk for Issuance of Subpoena to Scribd, Inc., Pursuant to 17 U.S.C. § 512(h) to Identify Alleged Infringers |
|---|---|

I, Steven J. Rizzi, counsel of record for Petitioner, LSI Corp. (hereinafter "LSI"), in the above-referenced matter, hereby declare as follows:

1. 1 am authorized to act on behalf of LSI.

2. I submit this declaration in support of LSI's request for issuance of a subpoena to Scribd, Inc., pursuant to the Digital Millennium Copyright Act (DMCA) 17 U.S.C. § 512(h) (hereinafter "DMCA Subpoena"), to identify the infringing parties.

3. Pursuant to 17 U.S.C. § 512 (c)(3)(A), LSI submitted a notification to Scribd, Inc., identifying the infringing content posted on their website and provided the information required by 17 U.S.C. § 512 (c)(3)(A). A true and accurate copy of the submitted notification is attached hereto as **Exhibit 1**.

4. The purpose for which this DMCA Subpoena is sought is to obtain the identity of an alleged infringer and such information will only be used for the purpose of protecting LSI's rights under title 17 U.S.C. §§ 1 00, et. seq.

I declare under penalty of perjury under the laws of the State of New York and United States of America that the foregoing is true and correct. Executed this 15th day of January 2019.

Steven J. Rizzi
NY Bar No. #2534865
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
212.682.7474
srizzi@foley.com
Attorneys for LSI Corp.

**EXHIBIT "1"**

4831-0123-0213.1



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3543
srizzi@foley.com EMAIL

CLIENT/MATTER NUMBER
117950-0101

January 10, 2019

**Via E-Mail**

Scribd, Inc.
Attn: Scribd DMCA Copyright Infringement Notification
333 Bush Street, Suite 2400
San Francisco, CA 94104
copyright@scribd.com

      Re:    DMCA Takedown Notice

To Whom It May Concern:

    We represent LSI Corp. ("LSI"), an affiliate of Broadcom, Inc., a leading supplier of various semiconductor products. In the course of LSI's business, LSI personnel prepare various confidential and proprietary internal presentations and related documents in connection with their design and development of semiconductor products ("Protected Works").

    We address this letter to the email identified as the appropriate address for DCMA notices on the scribd.com website (https://www.scribd.com/copyright/report-infringement). It has come to our client's attention that the scribd.com website includes a link to unauthorized copies of LSI's Protected Works, which are copyrighted material protected by U.S. copyright law. The posting of these documents thus constitutes copyright infringement under 17 U.S.C. Sec. 101 *et seq*. In addition, the Protected Works contain LSI confidential information, as the documents themselves plainly indicate, and were uploaded to the scrib.com website without LSI's knowledge or authorization, and in violation of contractual and other restrictions on the use and disclosure of such information. The Protected Works may be found at the following links:

        https://www.scribd.com/document/367470390/read-channel-overview-part-1
        https://www.scribd.com/document/367470450/read-channel-overview-part-2

    This letter serves as formal notice requesting that Scribd, Inc. act "expeditiously to remove, or disable access to" the Protected Works identified above in accordance with 17 U.S.C. Sec. 512. We request that Scribd immediately prevent access to the Protected Works identified above, and disable the account associated with such works. In addition, we request that Scribd preserve and immediately provide any and all information related to the posting of such works, including user information and any metadata associated therewith, and specifically the name, email address, and IP

AUSTIN         DETROIT         MEXICO CITY    SACRAMENTO      TAMPA
BOSTON         HOUSTON         MIAMI          SAN DIEGO       WASHINGTON, D.C.
CHICAGO        JACKSONVILLE    MILWAUKEE      SAN FRANCISCO   BRUSSELS
DALLAS         LOS ANGELES     NEW YORK       SILICON VALLEY  TOKYO
DENVER         MADISON         ORLANDO        TALLAHASSEE

4822-1798-2853.1


**FOLEY & LARDNER LLP**

January 10, 2019
Page 2

address associated with such user and the date, time and location from which the works were uploaded, as such information may be subject to subpoena pursuant to 17 U.S.C. Sec. 512.

We request the courtesy of a response to this letter within two business days. If we do not receive a satisfactory response, we reserve all rights to take appropriate action to preserve our client's rights.

We certify under penalty of perjury that we are authorized to act in this matter on behalf of LSI, and have a good-faith belief that use of the material identified above is not authorized by the copyright owner, LSI, its agent, or the law, and that the information in this letter is accurate.

Very truly yours,

/s/ *Steven J. Rizzi*

Steven J. Rizzi